CAMPBELL & WILLIAMS
PHILIP R. ERWIN, ESQ. (11563)
pre@cwlawlv.com
SAMUEL R. MIRKOVICH (11662)
srm@cwlawlv.com
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

*Attorneys for Plaintiff*
*SG Gaming, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SG GAMING, INC., a Nevada corporation,<br><br>                    Plaintiff,<br><br>vs.<br><br>JUAN PABLO IRARRAZAVAL, an individual<br><br>                    Defendant, | CASE NO.:  2:22-cv-00890-ART-VCF<br><br>**STIPULATED ESI PROTOCOL** |

Plaintiff SG Gaming, Inc. and Defendant Juan Pablo Irarrazaval, by and through their undersigned counsel, collectively referred to herein as the "Parties" and individually as a "Party," hereby stipulate to the following protocol as set forth for the production of Discoverable Documents and Electronically Stored Information ("ESI"). As used in this document, the term "Discoverable Documents and Electronically Stored Information" means discoverable documents and data existing in electronic form consistent with Federal Rule of Civil Procedure 34(a), including by way of example and not by way of limitation (where relevant and not privileged) e-mail, calendars, word processing documents, spreadsheets, electronic slide presentations, databases, and other reasonably accessible electronically stored information relevant to the subject matter of this case pursuant to FRCP 26(b)(l).

1

Any party, any person or non-party producing or disclosing ESI pursuant to the terms set forth below is referred to as the "Producing Party," and the party or any person or non-party receiving or being given access to ESI is referred to as the "Receiving Party."

**1. <u>Electronic Discovery</u>.** Discovery of electronically stored information shall proceed in the following sequenced fashion:

(a) After receiving requests for document production, the Producing Party shall conduct a reasonable and good faith search for responsive documents and electronically stored information. A Producing Party will disclose to a Requesting Party the existence of those sources of electronically stored information that it believes contain responsive information and that are not reasonably accessible, and, to the extent necessary, the Parties will meet and confer concerning such information that has been identified as not reasonably accessible, but a Producing Party shall not have an obligation initially to search or produce from sources of electronically stored information that it identifies as not reasonably accessible because of undue burden or cost in accordance with FRCP 26(b)(2) and no such obligation will exist unless and until a showing of good cause is made by the Requesting Party that such searches and production are necessary pursuant to FRCP 26(b)(2);

(b) The Producing Party retains its right to argue that certain sources of electronically stored information are not reasonably accessible because of undue burden or cost and further retain its right to seek cost shifting, as appropriate, in the event a Requesting Party demands and shows good cause supporting production from sources that were deemed by the Producing Party as not reasonably accessible; and

(c) On-site inspections of electronic media under FRCP 34(a) shall not be permitted, unless (i) otherwise agreed to by the parties; or (ii) absent exceptional circumstances where good cause and specific need have been demonstrated and it is so ordered by the Court.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, SUITE A, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**2.   General Format of Production**. Subject to the provisions of paragraph 4, documents that originally existed in electronic form that are produced in these proceedings shall be produced in electronic image form (described below) in the manner provided herein. Documents that originally existed in paper form may be produced in an electronic image form in the manner provided herein, produced in a paper form or made available for initial examination as outlined in paragraph 3. Notwithstanding the foregoing provisions of this paragraph, the Producing Party reserves the right to request that an alternative format or method of production be used for certain documents and, in that event, the parties will meet and confer to discuss alternative production requirements, concerns, formats, methods and costs associated with same.

**3.   Initial Examination of Records**.  The Producing Party reserves the right to make certain sets of documents available for initial examination by the Requesting Party. The Requesting Party will select those documents it wishes to have produced. The Producing Party reserves the right to review and screen for privilege or protection any document that is selected for production. The Producing Party may withhold from that production any privileged document and identify the privileged document on a privilege log as outlined in paragraph 17 herein. The parties agree that the Producing Party is not waiving, and the Requesting Party will not argue that the Producing Party has waived, any claims of attorney-client privilege, attorney work product protection, or any other privilege or protection by making documents available for examination. In the event the Producing Party becomes aware of an inadvertent disclosure/production of privileged information or a privileged document, Sections 20 and 21 of this Order shall govern.

**4.   Document Image Format**.  The Producing Party shall make good faith efforts to conform to the specifications in this section based on the party's technological capabilities. Document images produced in electronic form will be produced in single- or multi-page Tagged Image File Format ("TIFFs" or ".tiff format"). All images generated from hard copy documents shall be scanned as black and white images at-least 300 d.p.i. resolution and shall be saved and

3

produced in a Group 4 compression single- or multi-page "TIFF" format and reflect the full and complete information contained on the original document. All images generated from native electronic documents shall be saved electronically ( or "printed") in a Group 4 compression single- or multi-page "TIFF" image that reflects the full and complete information contained on the original document. All images generated from short message service (SMS) and multimedia messaging service (MMS) shall be produced in searchable .txt files or saved electronically (or "printed") in a Group 4 compression single-or multi-page "TIFF" image that reflects the full and complete information contained in the SMS or MMS. Documents that present imaging or other formatting problems shall be promptly identified and the parties shall meet and confer to attempt to resolve the problems.

Meta-data for documents generated from native electronic documents shall be provided as set forth in paragraph 11. The parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software (such as Relativity or Concordance).

Notwithstanding the foregoing provisions of this paragraph, the parties recognize that as the case progresses it may be appropriate to allow the parties to produce certain files (e.g., Excel, Lotus 123, or other spreadsheets; e-mails; reports from databases) in native electronic form or (ii) in a Group 4 compression single-or multi-page "TIFF" image, due to undue burden or cost for a Producing Party. Thus, the parties agree to meet and confer in such circumstances in order to reach a reasonable, alternative form of production.

**5.** __Document Unitization__. If hard copy documents are scanned into an electronic form, the unitization of the document and any attachments shall be maintained to the extent possible as it existed in the original when creating the image file. For documents that contain affixed notes, the pages will be scanned both with and without the notes and those pages will be treated as part of the same document. The relationship of documents in a document collection (e.g., cover letter

4

and enclosures, e-mail and attachments, binder containing multiple documents, or other documents where a parent-child relationship exists between the documents) shall be maintained through the scanning or conversion process.

   6.   **Color**. If an original document contains color, the Producing Party shall honor reasonable requests for either the production of an original document for inspection and copying or production of a color image of the document. The Requesting Party agrees to pay for reasonable costs associated with the color scanning and production of color images of documents already produced.

   7.   **Duplicates**. Where a party has more than one identical copy of an electronic document (i.e., the documents are visually the same and contain the same electronic text), the Producing Party need only produce a single copy of that document. Furthermore, the parties are not required to produce multiple instances of an electronic message sent to multiple recipients, provided that all of the recipients (including "blind carbon copy" recipients) can be identified from documents or electronically stored information produced pursuant to this protocol and, as described in the remainder of this paragraph, and no information is missing from the electronic message.

   8.   **Bates Numbering**. Each page of a non-native imaged produced document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not unreasonably obliterate, conceal, or interfere with any information from the source document. No other legend or stamp will be placed on the document image other than a confidentiality legend (where applicable), redactions, the Bates Number identified above, and any other internal tracking number that the Producing Party may choose to use. The confidential legend shall be "burned" onto the document's image at a location that does not unreasonably obliterate or obscure any information from the source document.

   9.   **File Naming Conventions**. Each page image file shall be named with the unique Bates Number of the page of document, followed by the extension ".TIF" when available. In the event

the Bates Number contains a symbol and/or character that cannot be included in a file name, the symbol and/or character will be omitted from the file name. Each native file shall will be named with its bate number and include followed by the document-type extension (e.g., ".DOC", ".PDF", ".XLS", ".HTM", etc.)

10. **Production Media**. A Producing Party shall produce documents that it produces in an electronic image form pursuant to paragraph 2 on CD-ROM, DVD, external hard drive, File Transfer Protocol ("FTP") or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media"). Information that shall be identified on the physical Production Media shall include: (1) a reference to this case number, (2) the Producing Party's name, and (3) the production date. The Bates Number range(s) of the materials on the Production Media shall also be contained on the Production Media, and where not practicable to do so may be provided in an accompanying letter. If the Producing Party encrypts or "locks" the production, the Producing Party shall include with the production an explanation of how to decrypt the files.

The Producing Party agrees to produce the electronic discovery in TIFF format per paragraph 4, with OCR text files and the appropriate document breaks contained in a Relativity or Concordance .dat load file. Additionally, all pages will be scanned from paper using the standard Group IV, 2-Dimension single page Tagged Image File Format (TIFF), or JPEG when necessary for color photographs, or black and white pages requiring grey scale.

11. **Meta-Data**. To the extent a Producing Party extracts any of the below metadata fields associated with its production, the Producing Party will produce those metadata fields to the Requesting Party with a load file with each production:

        a.      Subject Line;

        b.      Sent Date;

        c.      From;

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, SUITE A, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

d.      Recipients (s)/To;

e.      Copyee(s)/CC;

f.      Blind Copyee(s)/BCC;

g.      File Name;

h.      Author;

i.      Document Date;

j.      Document Type;

k.      File Extension;

l.      Last Modified Date;

m.      Track Changes (no markup);

n.      Starting Bates (Beginning document Bates number);

o.      Ending Bates (Ending document Bates number);

p.      Begin Attach (Beginning Bates number for any attachment or range of attachments);

q.      End Attach (Ending Bates number for any attachment or range of attachments); and

r.      Source (Custodian/Location from which Document was collected).

Alternatively, a Producing Party can satisfy its obligations under subparagraphs p. and q. above by providing information sufficient to identify any attachments to the documents produced. The meta-data listed above shall be labeled and produced on Production Media and shall be provided in a manner suitable for importing the information in a commercially available document management or litigation support software such as Relativity or Concordance.

For avoidance of doubt, the obligation to produce metadata pursuant to this paragraph is triggered only where such metadata information is available and extraction would not constitute an undue burden or expense. Where such metadata information is not available and/or not capable

7

of extraction without undue burden/expense, this paragraph shall not impose any obligations on any Producing Party.

12. **Search Terms and Custodians**. Upon the reasonable request of a Party, the Parties shall meet and confer on search terms to be used for electronic documents to identify electronic documents that will be reviewed for possible production pursuant to this Document Production Protocol. The parties shall also meet and confer on custodians for electronic documents to identify electronic documents that will be reviewed for possible production pursuant to this Document Production Protocol.

13. **Databases**. To the extent a response to discovery requires production of discoverable electronic information contained in a database, the parties shall meet and confer about the extent of the Producing Party's obligations in relation to the same.

14. **Production of Other Electronic Documents**. This Order only applies to the production of the following categories of electronic documents: databases, e-mails (and any associated attachments), word processing documents, spreadsheets, presentations, and imaged documents (in any format). The parties shall meet and confer to agree on the form of any production of electronic documents other than the foregoing.

15. **Exceptions to Protocol**. If the forms of production allowed by this protocol present an undue burden or cost for a Producing Party, the parties shall meet and confer to agree on a reasonable, alternative form of production. Any party may file a motion to seek individual relief from this protocol.

16. **Use of Documents**. When documents produced in accordance with this Order are used in any Proceeding herein, including depositions, hearings, or trial, the image copy of documents as described in Paragraph 4 shall be the copy used. Extracted text shall not be used in any Proceeding as a substitute for the image of any document.

17. **Privilege Logs**. The Producing Parties will produce privilege logs in Excel, Word, or a similar electronic format that allows text searching and organization of data. A Producing Party will produce a privilege log within 120 days after the completion of its document production. The production of a privilege log for a custodian will be not less than 30 days prior to a custodian's deposition. The parties may modify the deadlines for production of privilege logs by agreement.

When there is a chain of privileged e-mails, the Producing Party must log each e-mail contained within the chain separately. Distinct claims of privilege within an email chain must be separately identified, and parties shall be required to produce any non-privileged emails or information contained within the chain. To the extent available, the privilege log will contain the following metadata fields: the custodian, document type (e.g., email, Word document, Excel spreadsheet, etc.), date last modified or sent, file name, and, if an email or email chain, the sender(s) and the recipient(s) (to, cc, and bee). The Producing Party will also include on the log control number, privilege description, and privilege assertion. If a party redacts a responsive document, that party will provide a redaction log identifying each document that contains a redaction and the reason for the redaction. The production of a privilege log for a custodian will be not less than ten (10) days prior to a custodian's deposition. The parties may modify the deadlines for production of privilege logs by agreement.

18. **Costs of Production**. The parties reserve the right to seek cost shifting as appropriate at a later time.

19. **Discovery and Admissibility**. Nothing in this Order shall be construed to affect the discoverability or admissibility of any document or data. All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at any time.

20. **Effect of Disclosure of Privileged Information**. The Receiving Party hereby agrees to promptly return, sequester, or destroy any Privileged Information disclosed or produced by Disclosing or Producing Party upon request by Disclosing or Producing Party regardless of

9

whether the Receiving Party disputes the designation of Privileged Information. The Receiving Party may sequester (rather than return or destroy) such Privileged Information only if it contends that the information itself is not privileged or otherwise protected and it challenges the privilege designation, in which case it may only sequester the information until the claim of privilege or other protection is resolved. If any party disputes the privilege claim ("Objecting Party"), that Objecting Party shall object in writing by notifying the Producing Party of the dispute and the basis therefore. The parties thereafter shall meet and confer in good faith regarding the disputed claim within seven (7) court days after service of the written objection. In the event that the parties do not resolve their dispute, the Objecting Party may bring a motion for a determination of whether a privilege applies within ten (10) court days of the meet and confer session, but may only contest the asserted privileges on grounds other than the inadvertent production of such document(s). In making such a motion, the Objecting Party shall not disclose the content of the document( s) at issue, but may refer to the information contained on the privilege log. Nothing herein shall relieve counsel from abiding by applicable ethical rules regarding inadvertent disclosure and discovery of inadvertently disclosed privileged or otherwise protected material. The failure of any party to provide notice or instructions under this Paragraph shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other grounds for withholding production as to which the Disclosing or Producing Party would be entitled in this action.

///

///

///

10

**21.** __Inadvertent Production of Non-Discoverable Documents.__   If a Producing Party inadvertently produces a document that contains no discoverable information, the Producing Party may request in writing that the Receiving Party return the document, and the Receiving Party will return the document.  A Producing Party may not request the return of a document pursuant to this section if the document contains any discoverable information.

Respectfully submitted,

DATED this 28th day of July, 2022.

CAMPBELL & WILLIAMS

By /s/ ***Philip R. Erwin***
    PHILIP R. ERWIN, ESQ (#11563)
    SAMUEL R. MIRKOVICH, ESQ. (#11662)
    710 South Seventh Street, Suite A
    Las Vegas, Nevada 89101

*Attorneys for Plaintiff SG Gaming, Inc.*

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

By /s/  ***Carol P. Michel***
    CAROL P. MICHEL, ESQ. (#11420)
    MATTHEW I. KRAMER, ESQ. (#15261)
    JONATHAN J. WINN, ESQ. (#12896)
    6385 S. Rainbow Boulevard, Suite 400
    Las Vegas, Nevada 89118

*Attorneys for Defendant Juan Pablo Irarrazaval*

IT IS SO ORDERED.

Cam Ferenbach
United States Magistrate Judge
        8-1-2022
DATED _____